## Penobscot Lumbering Association

### *vs.*

### John B. Bussell, and others.

*Contract. Judgment. Damages. Logs. Negligence. Penob. Boom Corp. Stat. 1832, c. 236, § 5; 1838, c. 468, §§ 4, 5; 1854, c. 299, § 3. Penob. Lumb. Assoc. 1854, c. 298, § 24.*

In an action to recover the amount paid to satisfy a judgment rendered against the plaintiff for its failure to exercise reasonable diligence in rafting and delivering certain logs, that the defendants were bound by their contract with the plaintiff to do and perform, it appeared that the defendants were seasonably notified to assume the defense of the suit against the plaintiff, and also required to satisfy the judgment, but they refused so to do.

*Held;* that if the service due from the defendants under their contract with the plaintiff was the same for the breach of which the plaintiff was held liable in the judgment against it, then the defendants are liable in this action to the plaintiff for the amount so paid by it in satisfaction of that judgment.

An examination of the cause of action that resulted in the judgment against the plaintiff before named shows that it was a failure to raft out the logs with reasonable diligence. *Held;* That the defendants in this action did not, by their contract, assume that duty. While they agreed to raft logs, they did not agree to do it seasonably, but were both to begin and end rafting when the plaintiff's directors should order; and as there is no evidence that tardiness in rafting by the defendants was in violation of the plaintiff's orders, therefore the defendants are not liable in this action.

See *Palmer* v. *Penob. Lumb. Assoc.* 90 Maine, 193.

On Report.

The case is stated in the opinion.

*M. Laughlin and C. P. Stetson*, for plaintiff.

The plaintiff is entitled to recover, upon the principle stated in *Littleton* v. *Richardson*, 34 N. H. 179, 189, and approved in cases in Maine and Massachusetts. *Davis* v. *Smith*, 79 Maine, 351, 356, 357; *Boston* v. *Worthington*, 10 Gray, 496, 499; *Lowell* v. *Boston & Lowell R.* 23 Pick. 24, 32.

"When one is responsible, by force of law or by contract, for the faithful performance of the duty of another, a judgment against that other for a failure of such duty, if not collusive, is prima facie evidence, in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside. But otherwise it is prima facie evidence, to stand until impeached or controlled, in whole or in part, by countervailing proofs." *Lowell* v. *Parker*, 10 Met. 312, 315; *Veazie* v. *Penobscot R. Co.* 49 Maine, 119, 125; *Portland* v. *Richardson*, 54 Maine, 46, 48; *Grand Trunk R. R.* v. *Latham*, 63 Maine, 177.

If there is any parol evidence to show that the judgment in *Palmer* v. *Penobscot Lumbering Association*, is not conclusive upon defendants, the burden is on defendants of proving defense. *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y. 280, 281.

*P. H. Gillin; C. F. Woodard; F. H. Appleton and H. R. Chaplin*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, STROUT, FOGLER, JJ.

HASKELL, J. This is an action of assumpsit to recover the amount paid in satisfaction of a judgment against the plaintiff for the failure to exercise reasonable diligence in rafting and delivering certain logs that defendants were bound to do and perform. The defendants were seasonably notified to defend the suit against the plaintiff, and required to satisfy the judgment therein, which they refused to do.

The defendants were contractors to perform certain service

required of the plaintiff, by its charter and lease from the Penobscot Boom Corporation; and if that service was to be the same for the breach of which the plaintiff was held liable in the judgment against it, the defendants are liable to the plaintiff for the amount paid in satisfaction of that judgment. In other words, if the breach of duty on the plaintiff, that is the foundation of the judgment against it, was the same duty that the defendants had agreed with the plaintiff to perform, then they are required to save the plaintiff harmless therefrom by paying the damages suffered thereby.

The law is stated in *Davis* v. *Smith*, 79 Maine, 356, " When a person is responsible over to another, either by operation of law or by express contract, and notice has been given him of the pendency of the suit, and he has been requested to take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered, because he has the right to appear and defend the action, equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not. *Veazie* v. *Penobscot R. R. Co.*, 49 Maine, 124; *Hardy* v. *Nelson*, 27 Maine, 530; *Boston* v. *Worthington*, 10 Gray, 498; *Littleton* v. *Richardson*, 34 N. H. 187."

The question in this case, therefore, is whether defendants' breach of contractual duty was the cause of action, that gave judgment against the plaintiff. Are they identical? If not, it would be manifestly unjust to hold the defendants responsible for any part of damages recovered, not arising from the defendants' fault.

Let us look at the cause of action that resulted in judgment against the plaintiff. It is plainly stated in a special verdict of the jury contained in the record, viz., failure "to exercise reasonable diligence in rafting and delivering" logs. The meaning and scope of the verdict, however, must be determined by the cause of action stated in the declaration, upon which the verdict rests. That cause of action is stated to be:

I.   Neglect to seasonably raft out logs, and neglect to raft them

out separately from the logs of others, but negligently suffering them to escape and go down river so that they were lost.

II.   Neglect to raft the logs of different marks belonging to several owners separately, causing expense in separation.

III.   Neglect in not seasonably rafting out logs, causing loss by a falling market.

The only cause of action stated in the declaration was negligence in rafting out logs, and the verdict, following the general issue of not guilty, determined that issue for the plaintiff therein, and assessed damages therefor in the sum of $2899.02.   A special finding, however, limited the damages to failure "to exercise reasonable diligence in rafting and delivering" logs.   The words "rafting and delivering," however, taken in connection with the statements in the declaration, plainly enough mean rafting, or rafting out; nothing more; nothing less.   They are used in the conjunctive and as having the same significance and meaning.

The damages awarded against the plaintiff were for failure to raft logs, and it is essential to know what that duty is in order to determine whether it was assumed by the defendants, and for this the charters in evidence must speak.

The charter of plaintiff's lessor, the Penobscot Boom Corporation, Act of 1832, c. 236, § 5, imposes the duty "to raft all lumber in said booms securely and faithfully, with suitable warps and wedges for rafting, and secure the same below said booms ten days", if not over one hundred logs, and if not over three hundred, five days;—and if the owner shall not have removed them, the company may remove them to some convenient and safe place at the owner's expense, and if unclaimed, on sixty days' notice they may be sold, but redeemed within two years.

By Act of 1838, c. 468, § 4, an agent was required to remain at the boom to assist in the delivery of logs, and to cause the same to be properly secured in the eddies below, but when so secured "in a manner which he may consider safe" the corporation was released from future loss or damage beyond that care "a prudent

person would take of his property in a like situation"; and, by §
5, only required to keep the logs there twenty-four hours, when the
agent might remove them at the expense of the owners; and, by §
6, the notice of sale was made thirty days.

An Act of 1854, c. 299, among other things, provided, § 3, "It
shall be the duty of log owners to receive and take away their
logs as the same shall be rafted out and fastened to the buoys",
and, on neglect so as to retard rafting the corporation " might run
them away and hitch them to the shores below ", at the expense of
four cents a log to the owner.   Under § 24 of plaintiff's charter,
Act of 1854, c. 298, the association was not required to keep
rafted logs, that had been secured, beyond twenty-four hours, or
such shorter time as the log agent might name, and if not removed
by the owner, it might remove them at five cents a log expense to
him.   Section 28 of the same act is substantially the same as § 4 of
c. 468, act of 1838, relating to Penobscot boom, ante.

So that it appears to have been the duty of plaintiff to raft the
logs in the boom and secure the rafts in the river, so as to give the
owners an opportunity to remove their respective logs.   This con-
stituted rafting out, and at the end of twenty-four hours, or such
shorter time as might be fixed by the log agent, worked a delivery
to the log owner, so that thereafter, the association, as his bailee,
was charged, as the charter expresses it, with such care thereof
"as a prudent person would take care of his own property in a like
situation."

The damages awarded were for the failure of reasonable diligence
to raft out.   Did the defendants assume that duty by their con-
tract with plaintiff?   They contracted to raft all the logs at the
several rafting places as had been customary by the association.
To commence and stop at each of said places when and as the
directors of plaintiff association should direct, and to do and per-
form all things pertaining to the driving, towing, rafting and care
of the logs as had been customary for the association to do, and as
it is obliged to do by its charter and lease, and to the satisfaction
of its directors.

One clause, at least, in defendants' contract seems fatal to the

plaintiff's contention. Damages were awarded for failure to seasonably raft logs. That is one of the elements of damage declared for in the suit against plaintiff, and included in the damages, for failure to seasonably raft logs is the same as failure to exercise reasonable diligence to do it. Defendants agreed to raft the logs, but, they did not agree to do it seasonably, for the contract says that they were both to begin and end rafting when plaintiff's directors should order. If, therefore, they complied with that order, they complied with their contract, no matter how unseasonably they performed their work, for the unseasonableness of the work might have been the fault of plaintiff and not of defendants. To show that it was the fault of the latter, evidence should have been presented showing that tardiness in rafting was in violation of plaintiff's orders. Such evidence is wanting, and therefore, under the stipulation of the parties, the order must be,

*Judgment for defendants.*